UNITED STATES DISTRICT COURT　　　　　　　SOUTHERN DISTRICT OF TEXAS

| | |
|---|---|
| UNITED STATES OF AMERICA, § | |
| § | |
| Plaintiff, § | |
| versus § | CRIMINAL ACTION H-04-137(1) |
| § | |
| § | |
| LEONARDO COMPEAN, et al., § | |
| § | |
| Defendants. § | |

## Opinion on Summary Judgment

1.　*Introduction*

After a felon forfeited his interest in his real property to the government, a man and his wife intervened, arguing that their interest is superior. The government has moved for summary judgment and will prevail.

2.　*Background.*

On June 15, 1994, Modesto and Felicita Arriaga purchased property at 1413 and 1315 Cottonwood Church Road in Fort Bend County. In exchange, they received a vendor's lien deed from Wessendorff Development Company.

In 1996, the Arriagas went into business with Francisco Corpus and Maria Castillo. They planned to build a dance hall on the land.

In January 1999, Corpus and Castillo sued the Arriagas for breach of contract in Fort Bend County. That September, the Arriagas filed a petition for Chapter 13 bankruptcy in the Southern District of Texas. The state-court suit was automatically stayed. *See* 11 U.S.C. § 362.

In their initial bankruptcy petition, the Arriagas included Corpus on their schedule of creditors. In the statement of financial affairs, filed the following month, they disclosed the pending lawsuit. They also listed the suit on their schedules. They did not, however, properly

list the Cottonwood property. Rather than include it under the section for real property, the Arriagas improvidently scheduled it under the section for executory contracts and unexpired leases. They also swore that their children paid the note. The trustee, therefore, disregarded the property, not administering it as an asset or liability of the Arriagas.

On November 1, 1999, Corpus attended a creditors' meeting through his attorney, Robert Nino. In December, Corpus filed a proof of claim. He received the trustee's proposed plan and notice of the confirmation hearing. He did not object to the schedules or the plan. Corpus never moved to lift the stay to allow the state-court case to proceed.

On March 14, 2000, the bankruptcy court confirmed the bankruptcy plan. In April 2001, it confirmed a modification.

In 2002, Wessendorff released the lien on the property.

On March 25, 2003, without telling the bankruptcy court, the Arriagas sold the property to Leonardo Compean. Although the county had appraised the property at $183,170, the Arriagas apparently sold it for $89,000. Compean paid the Arriagas with the proceeds of illegal-drug sales and immediately had them put the property in the name of Victor and Dora Barrera.

In April 2003, on the trustee's motion, the bankruptcy court converted the Arriaga bankruptcy from Chapter 13 to Chapter 7. Through an affidavit, the Arriagas swore that there had been no material changes to their estate. In September, the court dismissed the bankruptcy, automatically lifting the stay of the state-court lawsuit. *See* 11 U.S.C. § 362(c)(2)(B).

On March 2, 2004, the state court entered a final judgment for Corpus against the Arriagas on the breach of contract claim. It awarded $66,000 in actual damages, $16,979 in attorneys' fees, court costs, and interest. On March 26, Corpus filed an abstract of judgment in the Fort Bend County property records.

On April 1, 2004, the government charged Leonardo Compean with several drug crimes, initiating this case. On April 8, it filed a notice of lis pendens on Compean's property in Fort Bend County.

Compean pleaded guilty to (a) conspiracy to possess with the intent to distribute at least 100 kilograms of marijuana, (b) conspiracy to commit money laundering, and (c) possession of a firearm in support of drug trafficking. He also agreed to the forfeiture of his property, including that he bought from the Arriagas.

On April 28, 2004, Corpus filed another lawsuit in Fort Bend County, claiming that the Arriaga's transfer to the Barreras violated his right as a creditor. On July 26, that court entered a default judgment against the Barreras, and it held that the transfer from the Arriagas to Compean, and then the Barreras, was void.

Meanwhile, on August 22, 2005, this court entered a final order of forfeiture of Compean's interest in the property, authorizing the government to seize the land.

3.  *Void Transfer*.

The parties agree that the state-court judgment of April 2004 is void. Before Corpus filed the suit, the government had filed a lis pendens. Corpus could not defeat the government's interest without joining it as a party. *See* 21 U.S.C. § 853(k)(2).

4.  *Notice*.

Corpus argues that as a creditor of the Arriagas' bankruptcy estate, he was entitled to notice of the sale to Compean. *See* 11 U.S.C. § 363(b). Because no notice was given, he says the sale is void. He is wrong.

When the Arriagas filed for bankruptcy, Corpus and Arriaga were business partners, and they were adversaries in a lawsuit. The Arriagas disclosed the suit to the bankruptcy court, and they listed Corpus as a creditor. Corpus attended creditors' meetings; filed a proof of claim; and received correspondence from the court, the trustee, and the Arriagas' counsel.

Corpus also knew that he had a significant claim pending against the Arriagas. Yet, he did nothing to protect himself. He did not move to lift the stay. He did not demand that the Arriagas properly schedule the Cottonwood property. He did not object to the plan.

The confirmation order stated that, "all property of Debtor's estate shall re-vest in Debtor upon the date this confirmation order is signed." Order Confirming Chapter 13 Plan, In re: Modesto and Felicita Arriaga, No. 99-38705 (Bankr. S.D. Tex. Sept. 7, 1999). The court also required that the Arriagas obtain court approval or the trustee's consent on various events – *not* including the sale of property. The Arriagas, therefore, arguably were not obliged to tell the creditors that they planned to sell the Cottonwood property.

Assuming, however, that (a) the Arriagas should have disclosed the sale, or (b) that Corpus was duped by the erroneous scheduling, the time for him to complain has passed. 11

U.S.C. § 549(d). A trustee may avoid a transfer of the estate's property that is unauthorized by the law or the court. He must, however, object before the earlier of (a) two-years after the transfer or (b) the dismissal of the case.

Corpus lived in Fort Bend County and apparently once owned a dance hall on the Cottonwood property. The county records showed that the Arriagas sold the land in March 2003. Corpus had both constructive and actual notice of the sale six months before the court dismissed the bankruptcy. Still, he waited until April 2004 to complain to another court.

5.  *After- Acquired Title.*

Corpus also argues that when the bankruptcy court dismissed the bankruptcy, title to the property re-vested in the Arriagas and became subject to execution by him. *See* 11 U.S.C. § 349(b)(3). Again, he misunderstands the law.

Title subsequently acquired by a person who had previously conveyed that property with warranty instantly passes to the purchaser. *Cherry v. Farmers Royalty Holding Co.,* 138 Tex. 576, 160 S.W.2d 908 (Comm'n App. 1942). When Compean bought the property, Corpus had no judgment to execute. Even if the Arriagas did not convey good title at the sale, following the bankruptcy, Compean's title was perfected.

Corpus says that Compean should have no interest because "he purchased the Cottonwood property with drug money from bankrupt individuals." (Mot. Summ. J. 6). While Compean bought the property to hide his ill-gained funds, there is no evidence that he knew of the Arriagas bankruptcy or improvident scheduling. Besides, Compean's motives are irrelevant to this dispute. This emotional outburst does nothing to illuminate a land-title problem.

6.  *Fraud.*

Corpus claims that the Arriagas violated the Fraudulent Transfer Act because they sold the property for less than half of the appraised value. *See* Tex. Bus. & Com. § 24.005 (2002). In his amended petition, Corpus says that the property was appraised at $183,170 and sold at $89,000. He, however, offered absolutely no evidence to support this claim.

Under the law, the court could have considered (a) the relationship between the Arriagas and Compean, (b) whether the Arriagas retained possession of the property, (c) whether the transfer was concealed, (d) the lawsuit, (e) whether the property was the Arriagas' primary asset,

(f) whether the Arriagas absconded, (g) concealed assets, (h) the consideration paid, (i) the Arriagas' solvency, (j) and other debt. *See* Tex. Bus. & Com. § 24.005(b). Unfortunately, Corpus offered only his interested statement. He could not even find the time to print the appraisal from the county website.

The court will not carry Corpus's burden. Even if it was so inclined, Corpus – through his lethargy in the bankruptcy – has waived his right to claim fraud now.

7.  *Conclusion.*

Corpus and Castillo should have complained in the bankruptcy court. They did not and now must find another way to execute their judgment. Their petition will be dismissed, and the government will take the property.

Signed June 23, 2006, at Houston, Texas.

_____
Lynn N. Hughes
United States District Judge